# UNITED STATES DISTRICT COURT
### for the
### Northern District of New York

U.S. DISTRICT COURT - N.D. OF N.Y.

# FILED

JUL 2 3 2015

AT_____ O'CLOCK
Lawrence K. Baerman, Clerk - Utica

| | | |
|---|---|---|
| **THAM T. LAI** | ) | |
| *Plaintiff* | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | 6:15-cv-00195 (LEK/TWD) |
| **DEIORIO FOODS INC;** | ) | |
| **LSCG MANAGEMENT INC;** | ) | CIVIL COMPLAINT PURSUANT |
| **LASALLE CAPITAL GROUP PARTNERS LLC; and** | ) | TITLE VII OF THE CIVIL RIGHTS ACT, |
| **LASALLE CAPITAL GROUP PARTNERS II-A LLC** | ) | AS AMENDED |
| *Defendant(s)* | ) | |

## PLAINTIFF'S MOTION FOR LEAVE
## TO AMEND COMPLAINT

Plaintiff respectfully requests that the Court grant it leave to file the attached Amended Complaint, as Justice requires, pursuant to Rule 15 of the Federal Rules of Civil Procedure.

The Amended Complaint, dated July 23, 2015, contains the following changes:

1.  The addition of the Defendant Delorio Foods Holdings, LLC recently discovered via Defendant Delorio Foods, Inc Rule 7.1 Disclosure Statement.

2.  Incorporation of PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANT'S MOTION TO DISMISS dated July 22, 2015.

3.  Articulation of facts.

Wherefore, for the above reasons, individually and collectively, the Plaintiff respectfully requests that the Court grant it leave to file the attached Amended Complaint.

July 23, 2015

*Tham T. Lai*

**Tham T. Lai**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Tham T. Lai | ) | Civil Case No.: |
| **Plaintiff(s)** | ) | 6:15-cv-00195 (LEK/TWD) |
| | ) | **CIVIL COMPLAINT** |
| vs. | ) | **PURSUANT TO** |
| Delorio Foods, Inc. | ) | **TITLE VII OF THE** |
| (Please see additional sheet) | ) | **CIVIL RIGHTS ACT,** |
| **Defendant(s)** | ) | **AS AMENDED** |

Plaintiff(s) demand(s) a trial by: [✓] JURY   [ ] COURT   (Select **only** one).

### JURISDICTION

1.    Jurisdiction is conferred on this court pursuant to 42 U.S.C. § 2000e-5.

### PARTIES

2.    Plaintiff: Tham T. Lai

    Address: 9525 Hayes Road

           Marcy, New York 13403

Additional Plaintiffs may be added on a separate sheet of paper.

3.    a.    Defendant:    DEIORIO FOODS, INC.

        Official Position:

        Address:    DEIORIO FOODS, INC.

               2200 BLEEKER STREET / UTICA, NY 13501

               (Please see additional sheet)

CIVIL COMPLAINT PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT, AS AMENDED
Tham T. Lai Supplemental Sheet
2/20/15

UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF NEW YORK

3. Defendant (s):

    a.  DEIORIO FOODS INC
       2200 BLEECKER STREET
       UTICA, NEW YORK 13501

    b.  LSCG MANAGEMENT INC
       5710 THREE FIRST NATIONAL PLAZA
       70 WEST MADISON STREET
       CHICAGO, ILLINOIS  60602

    c.  LASALLE CAPITAL GROUP PARTNERS LLC
       5710 THREE FIRST NATIONAL PLAZA
       70 WEST MADISON STREET
       CHICAGO, ILLINOIS  60602

    d.  LASALLE CAPITAL GROUP PARTNERS II-A LLC
       5710 THREE FIRST NATIONAL PLAZA
       70 WEST MADISON STREET
       CHICAGO, ILLINOIS  60602

    e.  DEIORIO FOODS HOLDINGS LLC

       Registered Agent:

       THE CORPORATION TRUST COMPANY
       CORPORATION TRUST CENTER
       1209 ORANGE STREET
       WILMINGTON, DE 19801

1. Plaintiff was employed by Defendant Delorio Food Inc from July 6, 2011 to December 15, 2014 at its principal place of business at 2200 Bleecker Street in Utica, New York 13501.

2. Defendant (s) Delorio Food Inc is a subsidiaries of LaSalle Capital.

b.   Defendant:          <u>LASALLE CAPITAL</u>

Official Position:       _____

Address:          <u>LASALLE CAPITAL</u>

<u>5710 THREE FIRST NATIONAL PLAZA</u>

<u>(Please see additional sheet)</u>

4.   This action is brought pursuant to:

[✓]  Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1991, for employment discrimination based on race, color, religion, sex or national origin.

[ ]   Pregnancy Discrimination Act of 1978, codified at 42 U.S.C. § 2000e(k), as amended, Civil Rights Act of 1964, and the Civil Rights Act of 1991, for employment discrimination based on pregnancy.

5.   Venue is invoked pursuant to 28 U.S.C. s 1391.

6.   Defendant's conduct is discriminatory with respect to the following (check all that apply):

(A)   [✓]  My race or color.
(B)   [ ]   My religion.
(C)   [ ]   My sex (or sexual harassment).
(D)   [✓]  My national origin.
(E)   [ ]   My pregnancy.
(F)   [ ]   Other: _____.

7.   The conduct complained of in this action involves:

(A)   [ ]   Failure to employ.
(B)   [✓]  Termination of employment.
(C)   [ ]   Failure to promote.
(D)   [✓]  Unequal terms and conditions of employment.
(E)   [ ]   Reduction in wages.
(F)   [✓]  Retaliation.
(G)   [✓]  Other acts as specified below:
          <u>Suspension, Constructive Discharge</u>

CIVIL COMPLAINT PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT, AS AMENDED
Tham T. Lai Supplemental Sheet
2/20/15

UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF NEW YORK

8.  **FACTS**

a.   Plaintiff was born in Vietnam, and is a Naturalized Citizen of the United States of America.

b.   Plaintiff was hired at Delorio Foods Inc ("Delorio's") at its principal place of business in
Utica, New York 13501 on July 6, 2011.

c.   Plaintiff is a member of a class protected under Title VII of the Civil Rights Act of 1964, as
amended, codified at 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991, ("Title
VII") against discrimination and retaliation.

d.   Under Title VII, it is illegal to retaliate against an employee for reasonably participating, in
good-faith, under the protected activities of OPPOSITION and/or PARTICIPATION.

e.   Defendant(s) took Adverse Actions against the Plaintiff for her peaceful participation in
the Title VII protected activities. Plaintiff was (1) Suspended on November 22, 2013; (2)
Suspended on February 7, 2014; (3) Terminated on February 13, 2014; (4) Constructively
Discharged on December 15, 2014.

f.   The timing of the Defendant(s) Adverse Actions against the Plaintiff directly corresponds
to her peaceful participation in the protected activities under Title VII.

g.   The Defendant(s) decision makers were aware of the Plaintiff's protected activities, and
specifically named in the EEOC Charge of Discrimination # 525-2014-00178 and EEOC
Charge of Discrimination # 525-2014-00326.

h.   Defendant(s) would not have taken the action, "in the absence of", but for the Plaintiff's peaceful participation in the Title VII protected activities. Prior to the Plaintiff's participation, (1) Plaintiff never received a verbal or written warning for wrongdoing; (2) Plaintiff never had "points" assigned to her; (3) Plaintiff achieved high ratings of "Achieved Job Requirements" and "Exceeded Job Requirements" on all of her performance appraisals; (4) Plaintiff was never Disciplined; (5) Plaintiff was never Suspended; (6) Plaintiff was never Terminated; and (7) Plaintiff was never Constructively Discharged.

i.   OPPOSITION is a protected activity under Title VII from retaliation as long as it is based on a reasonable, good-faith, belief that the Defendant(s) are violating the anti-discrimination law. The anti-retaliation provisions make it unlawful to discriminate against the Plaintiff because she has opposed any practice made unlawful under the employment discrimination statutes.  This protection applies if an individual explicitly or implicitly communicates to her employer or other covered entity a belief that its activity constitutes a form of employment discrimination that is covered by any of the statutes enforced by the U.S. Equal Employment Opportunity Commission ("EEOC"). Plaintiff is protected even if she is mistaken about the unlawfulness of the challenged practices.

j.   PARTICIPATION is a protected activity under Title VII when participating in the statutory complaint process. The anti-retaliation provisions make it unlawful to discriminate against the Plaintiff has made a charge. Plaintiff is protected against retaliation regardless of the validity or reasonableness of the original allegation of discrimination. Plaintiff is also protected against retaliation from the Defendant(s) for participating in statutory complaint proceedings even if that complaint involved a different covered entity.

k.    Plaintiff collectively made approximately (56) truthful and specific complaints of unlawful
      discrimination, retaliation, and/or requests for help.  Plaintiff peacefully spoke with, wrote
      and hand delivered letters, and sent emails to Delorio's Human Resources and/or Upper
      Management from February 12, 2012 to February 13, 2014.

l.    Defendant(s) trivialized the discrimination and/or retaliation against the Plaintiff.

m.    As time progressed, Delorio's Upper Management escalated the discrimination and/or
      retaliation against the Plaintiff. At the same time, Plaintiff was also subjected to the
      continuous pattern of discrimination and/or retaliation from others.

n.    Delorio's actions differ from their policies.

o.    From August 11, 2011 to July 16, 2013 - Plaintiff received Performance Appraisals of (1)
      Achieved Job Requirements" with comment "Tham is very cooperative and always seeks
      new tasks" August 2011; (2) "Achieved Job Requirements" with comment "Tham is very
      cooperative and is willing to help at any operation" October 2011; (3) "Achieved Job
      Requirements" July 2012; and (4) "Exceeds Requirements" July 2013.

p.    Plaintiff was asked, and excitedly filled in for her Supervisor Jeff Smith while he was on
      vacation from April 8 - 12, 2013. Jeff was very pleased with the Plaintiff's work.

q.    Ismetta Kucevic (Line Supervisor) is Bosnian, and favors individuals who are Bosnian.
      Ismetta treats others as a result of her prejudices with hatred, contempt, and intolerance.
      Ismetta spoke "broken English" to the Plaintiff when meeting her for the first time and
      continued on numerous occasions. Plaintiff speaks English very well, and has no accent.

r.    From July 19, 2013 to November 6, 2013, Ismetta Kucevic (Line Supervisor) discriminated,
      harassed, intimidated, and threatened Plaintiff on a regular basis.

s.   Ismetta Kucevic (Line Supervisor) threatened the Plaintiff on November 7, 2013 by stating

to "Suspend for (3) Days without Pay" for an issue that Plaintiff was not involved in.

Ismetta was loud, angry, and forceful in demanding that the Plaintiff was at fault.

t.   On about November 8, 2013, Plaintiff truthfully wrote a Letter, and hand delivered to

Diane Platzke stating "workers that speak her language never seem to have a problem". In

the same Letter stated "..I should not have to constantly worry about my job based on her

feelings and not the facts". Once the Defendant(s) received the Plaintiff's Letter, (1)

Plaintiff was not contacted; (2) There was no resolution; (3) Plaintiff did not receive a

verbal or written warning of wrongdoing; and (4) Plaintiff continued to be discriminated

and/or retaliated against.

u.   Ismetta Kucevic (Line Supervisor) angrily demanded and publicly accused the Plaintiff of

not filling out the Packers report correctly on November 11, 2013. The report was filled

out correctly with the same procedure used by 2nd and 3rd shifts.

v.   Plaintiff filed a "Hostile Work Environment" Grievance with Union "Bakery, Confectionary,

Tobacco Workers and Grain Millers, International Union, Local Union No. 53" ("Union

BCTGM/53") on about November 11, 2013.

w.   On about November 12, 2013 - Plaintiff truthfully wrote, and hand delivered a Letter to

Diane Platzke stating "..Ismetta Kucevic has a few close friends the(y) have formed a

Clique. They all speak the same language. At times they make false accusations, one will

make something up, and the other will agree..". In the same Letter stated "..I am being

Harassed on a Daily Basis, and it is apparent that she has an agenda". Again, once the

Defendant(s) received the Plaintiff's Letter, (1) Plaintiff was not contacted; (2) There was

no resolution; (3) Plaintiff did not receive a verbal or written warning of wrongdoing; and

(4) Plaintiff continued to be discriminated and/or retaliated against.

x.   Ismetta Kucevic (Line Supervisor) told the Plaintiff to go into her office and angrily

demanded that the Plaintiff sign a paper in secrecy and under duress on about November

12, 2013, 10:15am. Ismetta told the Plaintiff that Diane Platzke and Eugene Kane "Do Not

Have To Know About This".

y.   On about November 12, 2013 - Plaintiff wrote a Letter, and hand delivered to Diane

Platzke stating "I no longer feel safe around Ismetta Kucevic, due to her Anger, False

Accusations, Making Threats..". Again, once the Defendant(s) received the Plaintiff's

Letter, (1) Plaintiff was not contacted; (2) There was no resolution; (3) Plaintiff did not

receive a verbal or written warning of wrongdoing; and (4) Plaintiff continued to be

discriminated and/or retaliated against.

z.   Ismetta Kucevic (Line Supervisor) angrily, aggressively, and adamantly accused the Plaintiff

of making the box labels incorrectly on about November 12, 2013. The Plaintiff did not

make the box labels. This was witnessed by Kricket McNair and others in the area.

aa.  On about November 13, 2013 - Plaintiff wrote a Letter, and hand delivered a Letter to

Diane Platzke stating "I am being Harassed on a Daily Basis, and it is apparent that she has

an agenda.". Again, once the Defendant(s) received the Plaintiff's Letter, (1) Plaintiff was

not contacted; (2) There was no resolution; (3) Plaintiff did not receive a verbal or written

warning of wrongdoing; and (4) Plaintiff continued to be discriminated and/or retaliated

against.

bb.  On about November 13, 2013, 6:05 am - Plaintiff emailed Michelle Burnett (Plant

Manager) stating "I no longer feel safe". Michelle Burnett does not respond. Again, once

the Defendant(s) received the Plaintiff's email (1) Plaintiff was not contacted; (2) There

was no resolution; (3) Plaintiff did not receive a verbal or written warning of wrongdoing;

and (4) Plaintiff continued to be discriminated and/or retaliated against.

cc.    On about November 13, 2013, 8:10 pm - Plaintiff emailed Michelle Burnett discussing the

discrimination and/or retaliation and requests help. Michelle Burnett does not respond.

Again, once the Defendant(s) received the Plaintiff's email, (1) Plaintiff was not contacted;

(2) There was no resolution; (3) Plaintiff did not receive a verbal or written warning of

wrongdoing; and (4) Plaintiff continued to be discriminated and/or retaliated against.

dd.    Ismetta Kucevic (Line Supervisor) frantically walked around the factory on about

November 14, 2013 desperately asking the Plaintiff's co-workers where the Plaintiff is.

Chuck Craig (Facilities) told Eugene Kane (Union BCTGM/53 Steward) that Ismetta Kucevic

is harassing the Plaintiff. Eugene Kane stated that Michelle Burnett (Plant Manager) said

"Tham is to be left alone".

ee.    On about November 13, 2013, Plaintiff truthfully wrote a Letter, and hand delivered to

Diane Platzke stating "Her Clique friends, that also speak the same language, and who she

never treats poorly work together to falsely accuse me…". In the same Letter stated

"..Ismetta, and her Clique Friends are trying to wear me down….and she has accomplished

her agenda.". Again, once the Defendant(s) received the Plaintiff's email, (1) Plaintiff was

not contacted; (2) There was no resolution; (3) Plaintiff did not receive a verbal or written

warning of wrongdoing; and (4) Plaintiff continued to be discriminated and/or retaliated

against.

ff.    Plaintiff was called into a meeting on about November 15, 2013 with Tammy Marchese

(HR Consultant), Fred Sarus (Production Manager), Ismetta Kucevic (Line Supervisor), and

Eugene Kane (Union BCTGM/53 Steward). DeIorio's trivialized the discrimination and/or retaliation. There was no resolution, and the Plaintiff did not receive a verbal or written warning for wrongdoing.

gg.    Bryan Wilson (VP of Manufacturing) and Fred Sarus (Production Manager) angrily and sternly told the Plaintiff to go into the Bryan's office on about November 22, 2013 at roughly 4:30 pm. There was No Union Steward present as required by Union BCTGM/53 Contract. The Plaintiff was subjected to unwanted stares while being told there was an investigation. When the Plaintiff asked Bryan and Fred what they were talking about, Plaintiff was not given any details nor did they ask the Plaintiff any questions. The Plaintiff was immediately Suspended, told to stay at home unless someone called, and roughly escorted out of the building.

hh.    On about November 22, 2013, 6:48 pm - Plaintiff emailed Michelle Burnett discussing the events earlier in the day with Bryan Wilson and Fred Sarus. Again, once the Defendant(s) received the Plaintiff's email, (1) Plaintiff was not contacted; (2) There was no resolution; (3) Plaintiff did not receive a verbal or written warning of wrongdoing; and (4) Plaintiff continued to be discriminated and/or retaliated against.

ii.    Diane Platzke called the Plaintiff at home on about November 25, 2013, and requested the Plaintiff come into work at 1 pm. When the Plaintiff asked Diane Platzke if she knew what Bryan Wilson and Fred Sarus did, Diane Platzke said she wasn't aware of anything yet somehow knew to call the Plaintiff into work.

jj.    Fred Sarus startled the Plaintiff by quietly approaching the Plaintiff from behind on about November 25, 2013, 2:15pm, and asked the Plaintiff if she wanted to make up for the time

she missed. Plaintiff is baffled why Fred Sarus would do this as he was in the meeting when the Plaintiff was told her to stay home and roughly escorted out of the building.

kk.   Fred Sarus told the Plaintiff to report to his office at the end of her shift on about November 25, 2013, 4:10pm. When the Plaintiff promptly arrived as ordered, Fred Sarus was not there. There also was No Union BCTGM/53 Steward as required by Union BCTGM/53 Contract. After the Plaintiff waited roughly 10 minutes, Gloria Russett (QA Manager) told the Plaintiff she could go home.

ll.   On about November 25, 2013, 6:38 pm - Plaintiff emailed Michelle Burnett (Plant Manager) and Diane Platzke (Human Resources Manager) discussing what Fred Sarus demanded. There is no response from Michelle Burnett or Diane Platzke. Again, once the Defendant(s) received the Plaintiff's email, (1) Plaintiff was not contacted; (2) There was no resolution; (3) Plaintiff did not receive a verbal or written warning of wrongdoing; and (4) Plaintiff continued to be discriminated and/or retaliated against.

mm.   On about November 26, 2013, 5:53 pm - Plaintiff emailed Michelle Burnett stating she is "afraid to be alone with Fred Sears and/or Bryan Wilson". Michelle Burnett stated they will have a meeting about the verbal warning. Again, once the Defendant(s) received the Plaintiff's email, (1) Plaintiff was not contacted; (2) There was no resolution; (3) Plaintiff did not receive a verbal or written warning of wrongdoing; and (4) Plaintiff continued to be discriminated and/or retaliated against.

nn.   On about November 26, 2013, 5:35pm - Plaintiff emailed Michelle Burnett (Plant Manager) that she believed the actions of Delorio's Upper Management Bryan Wilson (VP of Manufacturing) and Fred Sarus (Production Manager) had become an EEOC issue. About 20 minutes later, Michelle Burnett quickly replied "...We will follow up with you

soon." to the Plaintiff while sending a copy to Robert Ragusa (CEO & President), Diane

Platzke (Human Resources Manager), Bryan Wilson (VP of Manufacturing), Fred Sarus

(Production Manager), and Tammy Marchese (HR Consultant). Again, once the

Defendant(s) received the Plaintiff's email, (1) Plaintiff was not contacted; (2) There was

no resolution; (3) Plaintiff continued to be discriminated and/or retaliated against.

oo. Fred Sarus (Production Manager) falsely accused the Plaintiff of returning late from Break

on about December 3, 2013. Plaintiff was not late, and notices that Fred Sarus and Ismetta

Kucevic (Line Supervisor) never say a word to others who regularly return late on a regular

basis.

pp. On about December 4, 2013, 5:21 pm - Plaintiff emailed Michelle Burnett (Plant Manager)

about Fred Sarus (Production Manager) false accusation and requests a copy of the official

Break policy. Michelle Burnett responded by telling the Plaintiff to ask Eugene Kane (Union

BCTGM/53 Steward).

qq. Eugene Kane (Union BCTGM/53 Steward) states "the break policy used to be that you

walked to the break area first and then counted 10 minutes" on about December 5, 2013.

Eugene Kane then said "he does not know the policy since Michelle Burnett took over for

Larry Evans.

rr. On about December 5, 2013, 5:38pm - Plaintiff emailed Michelle Burnett (Plant Manager)

on about stating that Eugene Kane (Union BCTGM/53 Steward) did not know Break policy,

and requests information from Michelle Burnett. Michelle Burnett does not respond.

ss. On about December 6, 2013, 5:45 pm - Plaintiff emailed Michelle Burnett (Plant Manager)

to let her know that Eugene Kane (Union BCTGM/53 Steward) told everyone on the

production floor in the morning "Someone sent an email about Breaks, and Michelle

wants to make sure that no one takes more than 10 minutes". Michelle Burnett does not respond.

tt.     On about December 10, 2013, 5:44 pm - Plaintiff sends an email to Michelle Burnett (Plant Manager) requesting help because Eugene Kane (Union BCTGM/53 Steward) will not answer the Plaintiff's Union questions. Since Eugene Kane works indirectly for Michelle Burnett, she should be able to tell Eugene Kane to do his job. Michelle Burnett denies the Plaintiff's request for help thereby blocking the Plaintiffs Union BCTGM/53 Representation.

uu.    Ismetta Kucevic (Line Supervisor) "Set Up To Fail" the Plaintiff on about December 13, 2013. Ismetta denied co-workers that offered to help the Plaintiff. Ismetta was at the end of the production line laughing and taking pictures with her cell phone.

vv.    Michelle Burnett (Plant Manager) Suspends the Plaintiff for (7) days on about December 13, 2013.

ww.   Plaintiff received a written warning on December 20, 2013 for the "Set Up To Fail" on December 13, 2013.

xx.    Eugene Kane (Union BCTGM/53 Steward) wrote a Grievance for "Unjust Conduct Noticed" on about December 20, 2013.

yy.    On about January 21, 2014 - Official EEOC Charge of Discrimination # 525-2014-00178 is issued by the EEOC Buffalo, New York office.

zz.    On about February 7, 2014 - Plaintiff was unjustly Suspended by Bryan Wilson (VP of Manufacturing) and immediately escorted out of the building by Bryan. Bryan Wilson is specifically named in EEOC Charge of Discrimination # 525-2014-00178.

aaa.    On about February 13, 2014 - Plaintiff was unjustly Terminated by Michelle Burnett (Plant Manager) and Bryan Wilson (VP of Manufacturing). Michelle Burnett and Bryan Wilson are specifically named in EEOC Charge of Discrimination # 525-2014-00178.

bbb.    On about February 13, 2014, Patrick Rohan (Union BCTGM/53 Steward) wrote "Unjust Termination" Grievance against Delorio's.

ccc.    On about March 13, 2014, Official EEOC Charge of Discrimination # 525-2014-00326 is issued by the EEOC Buffalo, New York office.

ddd.    On about March 21, 2014, Union BCTGM/53 "Unjust Termination" Grievance meeting with Michelle Burnett (Plant Manager), and Bryan Wilson (VP of Manufacturing). Michelle and Bryan refused to discuss the unjust Termination with Patrick Rohan (Union BCTGM/53 Steward) and the Plaintiff. Michelle and Bryan confirmed the Plaintiff was Terminated and immediately walked out of the meeting room. Michelle Burnett and Bryan Wilson are specifically named in EEOC Charge of Discrimination # 525-2014-00178 and EEOC Charge of Discrimination # 525-2014-00326.

eee.    On about March 21, 2014, Patrick Rohan (Union BCTGM/53 Steward) requests an Arbitration Ruling for "Unjust Termination".

fff.    On about November 14, 2014, Arbitrator Margo R. Newman issued Ruling in the Plaintiff's favor stating "...and that Ms. Lai be reinstated to her position without further loss of pay or benefits.".

ggg.    EEOC Right-To-Sue Letter for Charge of Discrimination # 525-2014-00178 was issued by the EEOC Buffalo, New York Office on about November 28, 2014.

hhh.    EEOC Right-To-Sue Letter for Charge of Discrimination # 525-2014-00326 was issued by the EEOC Buffalo, New York Office on about December 4, 2014.

iii.    Despite Arbitrator Margo R. Newman Ruling, Diane Platzke (Human Resources Manager) refused to answer the Plaintiff's questions for her return on December 8, 2014.

jjj.    Despite Arbitrator Margo R. Newman Ruling, Diane Platzke (Human Resources Manager) refused to provide the Health, Dental, and Vision Insurance to the Plaintiff on her first day back on December 8, 2014.

kkk.    John Nowacki (Plant Manager Delorio's / Operating Advisor Lasalle Capital) immediately ordered the Plaintiff to take a Mandatory Drug Test on the Plaintiff's first day back at the Delorio's on December 8, 2014. This is a direct Union BCTGM/53 Violation and has not been ordered for all Union BCTGM/53 members when returning from vacation, leave, etc.

lll.    On about December 10, 2014, Plaintiff received an email from Excellus Blue Cross Blue Shield stating that Plaintiff has "...inactive health insurance policy, since 03/01/2014.."

mmm.  Delorio's blocked the Plaintiff's access to Union BCTGM/53 Representation on about February 20, 2014. Gloria Russett states "The email address assigned to Eugene is for Delorio's business and he has been asked to use it for that purpose only".

nnn.    Plaintiff was Constructively Discharged on about December 12, 2014 because of the intolerable conditions created by the Defendant(s). Defendant(s) (1) Showed no remorse; (2) No change of ways; (3) Blatant disregard for the Title VII and its protected activities; (4) Continued pattern of discrimination and/or retaliation; and (5) Continued pattern of adverse actions.

    Despite Arbitrator Margo R. Newman Ruling for the Plaintiff to be "..reinstated to her position without further loss of pay or benefits."; Delorio's made offers and requested (1) Plaintiff to resign and never return; (2) Drop EEOC Charge of Discrimination 525-2014-00178; and (3) Drop EEOC Charge of Discrimination 525-2014-00326.

In addition, despite Arbitrator Margo R. Newman Ruling for the Plaintiff, Delorio's (1) Refused to answer the Plaintiff's questions on December 4, 2014 for her return to work; (2) Did not provide Health, Dental, and Vision Insurance on December 8, 2014; and (3) Selectively ordered the Plaintiff to take a Mandatory Drug Test on December 8, 2014 which is a direct Union BCTGM/53 Violation and has not been ordered for all Union BCTGM/53 members when returning from vacation, leave, etc.

The Defendant(s) actions creating intolerable working conditions made it clear that the Defendant(s) did not want the Plaintiff back at work, and had no plans in the future to stop the discrimination, retaliation, and/or adverse actions.

In fact, if it wasn't for this Civil Action brought to the Court, the Defendant(s) would have gotten away with their discrimination, retaliation, and/or adverse actions against the Plaintiff.

ooo. Despite Arbitrator Margo R. Newman Ruling on November 13, 2014, Arbitrator Margo R. Newman had to issue a Remedial Order FMCS Case No. 14-55162-6 on March 6, 2015.

ppp. Plaintiff received the Union BCTGM/53 Arbitration Settlement Check roughly (4) months after the original Arbitrator Margo R. Newman's Ruling based upon the flawed calculation provided by Delorio's.

8.                                    **FACTS**

      Set forth the facts of your case which substantiate your claims.  List the events in the order they happened, naming defendants involved, dates and places.

**Note: You must include allegations of wrongful conduct as to EACH and EVERY defendant in your complaint.**  (You may use additional sheets as necessary).

(Please see additional sheets)

9.                            **CAUSES OF ACTION**

**Note: You must clearly state each cause of action you assert in this lawsuit.**

**FIRST CAUSE OF ACTION**

(Please see additional sheets)

CIVIL COMPLAINT PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT, AS AMENDED
Tham T. Lai Supplemental Sheet
2/20/15

UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF NEW YORK

9.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION

Defendant(s) - Violation of Title VII's Prohibiting Discrimination - Disparate Treatment

a.  Plaintiff repeats and realleges each and every allegation contained in the preceding
    paragraphs of this Complaint with the same force and effect as if set forth herein.

b.  Plaintiff was born in Vietnam, and is a Naturalized Citizen of the United States of America.

c.  Plaintiff was hired at Delorio Foods Inc ("Delorio's") at its principal place of business in Utica,
    New York 13501 on July 6, 2011.

d.  Plaintiff is a member of a class protected under Title VII of the Civil Rights Act of 1964, as
    amended, codified at 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991, ("Title VII")
    against discrimination and retaliation.

e.  Under Title VII, it is illegal to retaliate against an employee for reasonably participating, in
    good-faith, under the protected activities of OPPOSITION and/or PARTICIPATION.

f.  Defendant(s) took Adverse Actions against the Plaintiff for her peaceful participation in the
    Title VII protected activities. Plaintiff was (1) Suspended on November 22, 2013; (2)
    Suspended on February 7, 2014; (3) Terminated on February 13, 2014; (4) Constructively
    Discharged on December 15, 2014.

g.  The timing of the Defendant(s) Adverse Actions against the Plaintiff directly corresponds to her peaceful participation in the protected activities under Title VII.

h.  The Defendant(s) decision makers were aware of the Plaintiff's protected activities, and specifically named in the EEOC Charge of Discrimination # 525-2014-00178 and EEOC Charge of Discrimination # 525-2014-00326.

i.  Defendant(s) would not have taken the action, "in the absence of", but for the Plaintiff's peaceful participation in the Title VII protected activities. Prior to the Plaintiff's participation, (1) Plaintiff never received a verbal or written warning for wrongdoing; (2) Plaintiff never had "points" assigned to her; (3) Plaintiff achieved high ratings of "Achieved Job Requirements" and "Exceeded Job Requirements" on all of her performance appraisals; (4) Plaintiff was never Disciplined; (5) Plaintiff was never Suspended; (6) Plaintiff was never Terminated; and (7) Plaintiff was never Constructively Discharged.

j.  OPPOSITION is a protected activity under Title VII from retaliation as long as it is based on a reasonable, good-faith, belief that the Defendant(s) are violating the anti-discrimination law. The anti-retaliation provisions make it unlawful to discriminate against the Plaintiff because she has opposed any practice made unlawful under the employment discrimination statutes. This protection applies if an individual explicitly or implicitly communicates to her employer or other covered entity a belief that its activity constitutes a form of employment discrimination that is covered by any of the statutes enforced by the U.S. Equal Employment Opportunity Commission ("EEOC"). Plaintiff is protected even if she is mistaken about the unlawfulness of the challenged practices.

k.  PARTICIPATION is a protected activity under Title VII when participating in the statutory complaint process. The anti-retaliation provisions make it unlawful to discriminate against the

Plaintiff has made a charge. Plaintiff is protected against retaliation regardless of the validity or reasonableness of the original allegation of discrimination. Plaintiff is also protected against retaliation from the Defendant(s) for participating in statutory complaint proceedings even if that complaint involved a different covered entity.

l.  Plaintiff collectively made approximately (56) truthful and specific complaints of unlawful discrimination, retaliation, and/or requests for help.  Plaintiff peacefully spoke with, wrote and hand delivered letters, and sent emails to Delorio's Human Resources and/or Upper Management from February 12, 2012 to February 13, 2014.

m.  Defendant(s) has discriminated and/or retaliated against Plaintiff in the terms and conditions of her employment on the basis of her national origin and/or race in violation of Title VII.

n.  As a further result of Defendant (s) actions, Plaintiff has been, is being and will be deprived of income, insurance, and prospective retirement benefits, due to her as an employee, but denied by the Defendant (s) because of her national origin and/or race in an amount to be proven at trial.

o.  Furthermore, Defendant(s) intentionally and/or with reckless indifference, engaged in the above stated discriminatory practices against Plaintiff, contrary to Plaintiff's federally protected rights as guaranteed to her under Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991.

p.  The intentional and discriminatory and/or retaliatory conduct of Defendant(s) complained of herein was willful, wanton, deliberate, malicious, egregious and outrageous warranting the imposition of punitive/exemplary damages which will serve as an example and deterrent to Defendant(s) and others who would commit similar illegal acts.

q. As Defendant(s) engaged in discriminatory and/or retaliatory employment practices with malice or with reckless indifference to the Plaintiff's federally protected rights, Plaintiff is entitled to punitive / exemplary damages in addition to compensatory damages and other remedies available under Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991.

r. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant (s)'s discriminatory and/or retaliatory practices unless and until this Court grants relief.

## SECOND CAUSE OF ACTION

Defendant(s) - Breach of Contract and/or Promissory Estoppel

a. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

b. A few Court Cases which support the Cause Of Action for breach of contract based on employment manuals have been found in (1) Dicocco v. Capital Area Community Health Plan Inc. (New York App. Div. 1988); (2) Hoffman-La Roche v. Campbell (Alabama 1987); (3) Romack v. Public Serv. Co. of Indiana (Indiana 1987); and (4) Duldulao v. St. Mary of Nazareth Hosp. Center, (Illinois 1987); (5) Sabine Pilot Service, Inc. v. Hauck, (Texas 1985); (6) Reynolds Manufacturing Co. v. Mendoza (Texas App.-Corpus Christi 1982, no writ); (7) Crain Industries Inc. v. Cass , 810 S.W.2d 910 (Arkansas 1991); (8) Tuttle v. Brandeis University, 2002 WL 202470 (Massachusetts Super. Feb. 4, 2002); (9) Woolley v. Hoffman-LaRoche, (New Jersey

1985); (10) Byrd v. Imperial Palace of Mississippi, (Mississippi 2001); (11) Strass v. Kaiser

Foundation Health Plan of the Mid-Atlantic States; and (12) District of Columbia's highest

court Dantley v. Howard University.

c. Defendant(s) promulgated express and written statements of employment policies, practices

and procedure which it provided and disseminated to all of its employees.

1. Defendant(s) disclaimer was not sufficiently prominent. It is located in the approximate

middle of the (6th) page surrounded by text in the Employee Handbook. It was not highlighted,

bold face, larger font used, underlined, capitalized, or presented in any other format to make

it likely that it would come to the attention of an employee reviewing the document. It simply

blended into the nearby text.

   A few Court Cases which support this are (1) Arch Inc. v Sisneros; and (2) New Jersey

Supreme Court Nicosia v. Wakefern Food Corp; (3) Ryan v. Dan's Food Stores (Utah 1998); and

(4) Utah Supreme Court Tomlinson v. NCR Corporation, 2014 UT 55 (Utah 2014).

d.   "This Employee handbook explains our personnel policies and benefits, as well as the specific

opportunities and responsibilities that exist for you within our Company. In an effort to be

responsive to the needs of a growing organization, changes or additions to this handbook will

be made when necessary. We will keep you informed when these changes are made."

e. Defendant(s) represented both orally and in writing, that it would treat employees in a

specific, fair and equitable manner.

f.   Furthermore, Defendant(s) represented, promised and/or implied that it would investigate

the allegations of discrimination and/or retaliation, in a fair, impartial and nondiscriminatory

manner.

g. "Any Employee who believed that (s)he is a victim of prohibited harassment should report the act immediately to his or her Supervisor, Human Resources, and any member of management. All complaints will be promptly and thoroughly investigated. The Company will conduct all investigation in as discreet manner as feasible under the circumstances."

h. "The Company will take appropriate corrective action consistent with the results of the investigation, up to and including discharge of the offending individual. Discipline, if any, will be based on all the facts and circumstances. Discipline may not necessarily be progressive. If the offending individual is a non-employee, the Company will take appropriate action to end the offensive conduct, and appropriate action my differ depending on the circumstance."

i. Defendant(s) promulgated these policies and procedures, and made these representations, in such a manner as to manifest its willingness to enter into a bargain with its employees.

j. "It is unlawful to retaliate against an Employee who, in good faith, files a complaint of discrimination or harassment or cooperates in an investigation of discrimination or harassment. No person will be retaliated against, subjected to discipline, or subjected to any other adverse treatment because he or she made a complaint of discrimination or harassment in good faith…"

k. Plaintiff assented to Defendant(s) offer regarding the employment policies and procedures by accepting employment.

l. Plaintiffs' initial and/or continued employment with Defendant(s) constituted acceptance of and consideration for Defendant (s) offer.

m. Defendant(s) breached its contract with Plaintiff by its failure to follow its own practices, policies and procedures with regard to the terms and conditions of Plaintiff's employment as set forth herein.

n.  As set forth herein, Defendant(s) intentionally, willfully and/or maliciously breached its contract with Plaintiff.

o.  Moreover, Defendant(s) expected and/or should have reasonably expected Plaintiff to rely on the aforementioned policies and procedures as a commitment by Defendant(s) to follow and abide by them. Similarly to the way the Plaintiff relied on the Defendant(s) Employee Handbook when speaking about Payday, Paycheck Deductions, Method of Compensations, etc.

p.  At all relevant times, Plaintiff understood and reasonably relied on the aforementioned policies and procedures to her detriment.

q.  As set forth herein, Defendant(s) did not follow the aforementioned employment practices, policies and procedures.

r.  The acts and practices of the Defendant(s) constitute unlawful discriminatory and/or retaliatory employment practices.

s.  Substantial injustice can only be avoided by enforcing the promises made by Defendant(s) to Plaintiff.

t.  Defendant(s) breach of contract was a direct and proximate cause of the injuries, damages and harm suffered by Plaintiff and as set forth herein.

u.  Defendant(s) conduct was willful and wanton, and Plaintiff is entitled to punitive/exemplary damages in addition to compensatory damages and other remedies available under the common law.

**THIRD CAUSE OF ACTION**

All Defendant(s)s – VICARIOUS LIABILITY

    a. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

    b. Defendant(s) owed a duty of care to their employees such as Plaintiff.

    c. Burlington Industries, Inc. v. Ellerth, 118 S. Ct. 2257 (1998), and Faragher v. City of Boca Raton, 118 S. Ct. 2275 (1998), the Supreme Court made clear that employers are subject to vicarious liability for unlawful harassment by supervisors. The Court held that an employer is always liable for a supervisor's harassment if it culminates in a tangible employment action.

    d. Vance v. Ball State University, 133 S. Ct. 2434 (2013), the Supreme Court held that an employee is a "supervisor" if he/she is empowered to take tangible employment actions against the victim. The Supreme Court stated that an employer is liable for hostile work environment harassment by employees who are not supervisors if the employer was negligent in failing to prevent harassment from taking place.

    e. Defendant(s) upper management qualifies as an employee's "supervisor" as (1) Has authority to undertake or recommend tangible employment decisions affecting the employee, (2) Has authority to direct the employee's daily work activities.

    f. Defendant(s) had a further duty to ensure that complaints of discrimination and/or retaliation were properly handled and the investigation conducted in a fair, impartial and non-discriminatory manner.

    g. Defendant(s) breached its duty of care owed to Plaintiff by and through the following acts and/or omissions, which include but are not limited to:

        1. Failing to properly and adequately train its managerial employees, including Defendant(s), to properly respond to complaints of discrimination and/or retaliation;

2. Failing to properly and adequately train its managerial employees, including Defendant(s), to prohibit discriminatory and/or retaliatory employment practices, based on national origin, and/or race;

3. Failing to carefully and diligently supervise its employees, including Defendant(s), to prevent them from improperly handling complaints of discrimination and/or retaliation in a non-discriminatory manner;

4. Failing to implement and/or take appropriate remedial action once it knew or should have known that its employees were mishandling complaints of discrimination and/or retaliation.;

5. Failing to conduct a reasonable, proper and appropriate investigation of discrimination and/or retaliation complaints;

6. Failing to abide by its own express and implied employment policies and procedures; and

7. Failing to exercise reasonable care under the circumstances.

h. Defendant (s) conduct was a direct and proximate cause of the injuries, damages and harm suffered by Plaintiff.

i. Because the Defendant (s) conduct toward Plaintiff was improperly motivated, and was intentional, willful and wanton, Plaintiff is entitled to punitive exemplary damages in addition to compensatory and punitive damages.

## SECOND CAUSE OF ACTION

(Please see additional sheets)

## THIRD CAUSE OF ACTION

(Please see additional sheets)

10.   I filed charges with the New York State Division on Human Rights, the New York City
      Commission on Human Rights or Equal Employment Opportunity Commission regarding
      the alleged discriminatory acts on or about:

                              1/21/14   and   3/13/14
                                   (Provide Date)

11.   The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter
      (**copy attached**) which was received by me on or about:

                              11/28/14   and   12/4/14
                                   (Provide Date)

12.   The plaintiff is an employee within the meaning of 42 U.S.C. § 2000e(f).

13.   The defendant(s) is (are) an employer, employment agency, or labor organization within
      the meaning of 42 U.S.C. § 2000e(b), (c), or (d).

14.   The defendant(s) is (are) engaged in commerce within the meaning of 42 U.S.C.
      § 2000e(g).

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Tham T. Lai
9526 Hayes Road
Marcy, NY 13403

From: Buffalo Local Office
6 Fountain Plaza
Suite 350
Buffalo, NY 14202

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 525-2014-00178 | Mary Ann Drabczyk, Investigator | (716) 551-3604 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

[signature]

John E. Thompson,
Local Office Director

NOV 2 8 2014
*(Date Mailed)*

Enclosures(s)

cc:

Diana Pilatzke
Human Resources Director
DEIORIO FOODS INC.
2200 Bleecker Street
Utica, NY 13501

Robert P. Heary, Esq.
HISCOCK & BARCLAY LLP
1100 M & T Center
3 Fountain Plaza
Buffalo, NY 14203

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Tham T. Lai<br>9525 Hayes Road<br>Marcy, NY 13403 | From: Buffalo Local Office<br>6 Fountain Plaza<br>Suite 350<br>Buffalo, NY 14202 |

| | |
|---|---|
| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 525-2014-00326 | Mary Ann Drabczyk,<br>Investigator | (716) 551-3604 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

| | |
|---|---|
| ☒ | More than 180 days have passed since the filing of this charge. |
| ☐ | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| ☒ | The EEOC is terminating its processing of this charge. |
| ☐ | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

| | |
|---|---|
| ☐ | The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost. |
| ☐ | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_John E. Thompson_                                        DEC 0 4 2014

Enclosures(s)                    **John E. Thompson,**<br>**Local Office Director**                    (Date Mailed)

cc:
Diana Pilatzke<br>Human Resources Director<br>DEORIO FOODS INC<br>2200 Bleecker Street<br>Utica, NY 13501

Robert P. Heary, Partner<br>HISCOCK & BARCLAY LLP<br>1100 M & T Bank Center<br>3 Fountain Plaza<br>Buffalo, NY 14203

Enclosure with EEOC

CIVIL COMPLAINT PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT, AS AMENDED
Tham T. Lai Supplemental Sheet
2/20/15

UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF NEW YORK

15. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that Defendant(s) be cited to appear and answer in this action and
that upon the evidence, finding of the jury and applicable law, the court enter judgment:

a. Awarding the Plaintiff frontpay until the Plaintiff is able to locally secure a similar position,
   similar pay, similar work environment with a ranking of top 20% in seniority that she had
   before the Defendant (s) unjust discrimination and retaliation;

b. Awarding the Plaintiff loss of fringe benefits until the Plaintiff is able to locally secure a
   similar position, similar pay, similar work environment with a ranking of top 20% in
   seniority that she had before the Defendant (s) unjust discrimination and retaliation ;

c. Awarding the Plaintiff loss of pension until the Plaintiff is able to locally secure a similar
   position, similar pay, similar work environment with a ranking of top 20% in seniority that
   she had before the Defendant (s) unjust discrimination and retaliation;

d. Awarding the Plaintiff retirement benefits until the Plaintiff is able to locally secure a
   similar position, similar pay, similar work environment with a ranking of top 20% in
   seniority that she had before the Defendant (s) unjust discrimination and retaliation;

e. Awarding loss of social security until the Plaintiff is able to locally secure a similar position,
   similar pay, similar work environment with a ranking of top 20% in seniority that she had
   before the Defendant (s) unjust discrimination and retaliation;

f. Awarding the Plaintiff compensatory damages;

g.  Awarding the Plaintiff punitive damages;

h.  Awarding Plaintiff the costs of this action together with reasonable attorneys' fees, litigation expenses and costs;

i.  Awarding other and further relief as this Court deems necessary and proper.

15. **PRAYER FOR RELIEF**

      **WHEREFORE,** plaintiff(s) request(s) that this Court grant the following relief:

(Please see additional sheets)

      I declare under penalty of perjury that the foregoing is true and correct.

DATED: _7/23/15_

                                    _Thanh T. Lai_

                                      **Signature of Plaintiff(s)**
                                      **(all Plaintiffs must sign)**

02/2010

# UNITED STATES DISTRICT COURT

for the
Northern District of New York

| | | |
|---|---|---|
| **THAM T. LAI** | ) | |
| *Plaintiff* | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | 6:15-cv-00195 (LEK/TWD) |
| **DEIORIO FOODS INC;** | ) | |
| **LSCG MANAGEMENT INC;** | ) | CIVIL COMPLAINT PURSUANT |
| **LASALLE CAPITAL GROUP PARTNERS LLC; and** | ) | TITLE VII OF THE CIVIL RIGHTS ACT, |
| **LASALLE CAPITAL GROUP PARTNERS II-A LLC** | ) | AS AMENDED |
| *Defendant(s)* | ) | |

**CERTIFICATE OF SERVICE**
**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

I hereby certify that on July 23, 2015, I have filed the PLAINTIFF'S MOTION FOR LEAVE TO AMEND

COMPLAINT (July 23, 2015), and proposed Amended Complaint (July 23, 2015) with the Clerk of the

District Court, Northern District of New York. I have also mailed a copy of the foregoing by United

States Postal Service, postage prepaid, to the Defendant(s) Counsel:


**BARCLAY DAMON LLP**
**1100 M&T CENTER**
**3 FOUNTAIN PLAZA**
**BUFFALO, NEW YORK 14203**

**ATTN: ROBERT P. HEARY**


July 23, 2015

*Tham T. Lai*

**Tham T. Lai**

1